IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADDEMYS N.R.,

Petitioner,

vs.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, *et al.*,

Respondents.

Civil No. 1:26-cv-06538-MWJS

ORDER GRANTING RESPONDENTS' MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE

A# 220-511-164

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS DUPLICATIVE**

On August 17, 2026, Petitioner Addemys N.R.[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In it, Petitioner argues that he has been unlawfully re-detained by Immigration and Customs Enforcement (ICE) after a period of release, in violation of his constitutional rights. Dkt. No. 1.

This is not, however, Petitioner's first challenge to his detention by ICE. On May 20, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he asserted essentially the same claims that are now presented in the petition currently before the court. *See Addemys N.R. v. Warden of the California City*

[1] For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

*Detention Facility* ("the first case"), No. 1:26-cv-03892-MWJS, at Dkt. No. 1 (E.D. Cal. May 20, 2026) (pro se petition); *see also id.* at Dkt. No. 11-1 (counseled amended petition). The court granted the petition in the first case on June 25, 2026, finding that the government's prior release of Petitioner "granted [him] a constitutionally protected liberty interest" and ordering Respondents to provide Petitioner with a bond hearing at which the government would be required to demonstrate, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community. *Addemys N.R. v. Warden of the California City Detention Facility*, No. 1:26-cv-03892-MWJS, 2026 WL 1831763, at *3 (E.D. Cal. June 25, 2026).

Pursuant to the court's order, a bond hearing was held for Petitioner on July 8, 2026. At that hearing, an immigration judge (IJ) denied bond. Petitioner then moved to enforce judgment, arguing that because the bond hearing had proceeded without his counsel present, he had ultimately been denied the constitutionally adequate bond hearing the court had ordered in resolving the first case. *Addemys N.R. v. Warden of the California City Detention Facility*, No. 1:26-cv-03892-MWJS, at Dkt. No. 21 (E.D. Cal. July 17, 2026). The court granted that motion to enforce in part and ordered a new constitutionally adequate bond hearing for Petitioner. *Addemys N.R. v. Warden of the California City Detention Facility*, No. 1:26-cv-03892-MWJS, 2026 WL 2206243 (E.D. Cal. July 30, 2026). That bond hearing took place on August 6, 2026, and the IJ again denied bond. *Addemys N.R. v. Warden of the California City Detention Facility*, No. 1:26-cv-03892-

MWJS, at Dkt. No. 26 (E.D. Cal. Aug. 8, 2026). Petitioner then filed a second motion to enforce in the first case, *see id.* at Dkt. No. 27, which remains pending.

After filing his second motion to enforce, Petitioner signed a new habeas petition and initiated this case on August 17, 2026. Dkt. No. 1. The case was subsequently reassigned to the undersigned district judge based on its relationship to Petitioner's prior petition. Dkt. No. 11. Respondents have moved to dismiss the petition on the basis that it is duplicative of the earlier-filed petition. Dkt. No. 10. The court permitted Petitioner to file an opposition or statement of non-opposition to the motion to dismiss by September 7, 2026. Dkt. No. 13. Petitioner did not timely file an opposition or statement of non-opposition (and indeed has not made any submission in this case beyond filing his original petition and motions on August 17).

The instant petition for writ of habeas corpus in this case appears to be duplicative of the petition filed in the first case. While the petition in this case asserts additional claims, the petitions filed in this case and in the first case both challenge Petitioner's re-detention by ICE and allege that his detention violates the Due Process Clause of the United States Constitution. *Compare* Dkt. No. 1 *with Addemys N.R. v. Warden of the California City Detention Facility*, No. 1:26-cv-03892-MWJS, at Dkt. No. 11-1. Both petitions seek Petitioner's immediate release or, in the alternative, a bond hearing at which the government bears the burden of proof by clear and convincing evidence. And crucially, both petitions appear to rest their legal claims on the same factual

allegations. In other words, the more recently filed petition in this case does not appear to assert claims based on conduct that occurred after Petitioner's petition in the first case was filed; both petitions contend that it is ICE's re-detention of Petitioner that justifies granting relief. *See id.*

"It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims." *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012). And in "assessing whether a second action is duplicative of the first," the court must examine "whether the causes of action in the two suits are identical pursuant to the transaction test." *Nguyen v. Warden of Cal. City Detention Facility*, No. 1:26-cv-01251, 2026 WL 461049, at *1 (E.D. Cal. Feb. 18, 2026) (citing *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 689 (9th Cir. 2007), *overruled in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008)), *report and recommendation adopted*, 2026 WL 1590343 (E.D. Cal. June 3, 2026). That test asks whether the events underlying each suit "are part of the same transaction or series" and "depends on whether they are related to the same set of facts and . . . could conveniently be tried together." *Adams*, 487 F.3d at 689 (quoting *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)).

Here, it is clear that both petitions arise out of the same transaction or series—Petitioner's re-detention by ICE without pre-deprivation process—and are based on the same set of facts. The parties, facts, and relief sought are the same, even if the instant

petition includes additional details about some of Petitioner's claims. And although the instant petition asserts new legal theories and adds causes of actions that were not included in the first case, that does not provide a reason to find that this action is not duplicative. That is because a petitioner must "bring at one time all of the claims against a party or privies relating to the same transaction or event." *Nguyen*, 2026 WL 461049, at *1 (citing *Adams*, 487 F.3d at 693). It follows that the court may "dismiss a duplicative complaint with prejudice to prevent a plaintiff from 'fragmenting a single cause of action and litigating piecemeal the issues which could have been resolved in one action.'" *Id.* (citing *Adams*, 487 F.3d at 694).

All of the claims in the petition currently before the court either were previously asserted in the first case, or are based on facts underlying the claims in the first case and therefore could have been asserted. "Petitioner has no right to commence and maintain a duplicative, second action seeking the same relief for the same reasons." *Tojxitumul v. Warden of the Mesa Verde Detention Facility*, No. 1:26-cv-04431, 2026 WL 1895953, at *2 (E.D. Cal. July 1, 2026).

The court therefore GRANTS Respondents' motion to dismiss, Dkt. No. 10, and DISMISSES the petition for writ of habeas corpus, Dkt. No. 1, as duplicative. The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent. This order resolves all pending motions.

IT IS SO ORDERED.

DATED: September 15, 2026, at Honolulu, Hawaiʻi.

/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge